FERDINAND A. ROSSMANN AND HILDE ROSSMANN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rossmann v. Commissioner
Docket No. 20006-82.
United States Tax Court
T.C. Memo 1984-231; 1984 Tax Ct. Memo LEXIS 442; 47 T.C.M. (CCH) 1747; T.C.M. (RIA) 84231; April 30, 1984. Sherman F. Levey, for the petitioners. Ruth E. Salek, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income tax as follows: Sec. 6653(b) [1]
Year
Deficiency
Addition to Tax
1974
$16,791.40
$8,395.70
1975
16,450.53
8,225.26
After concessions by petitioners the issues are (1) whether any part of petitioners' underpayments of their 1974 and 1975 taxes was due to fraud, and (2) whether the statute of limitations bars the assessment of the deficiencies for 1974 and 1975. *443 FINDINGS OF FACT Some of the facts are stipulated and found accordingly. Petitioners Ferdinand A. Rossmann and Hilde Rossmann resided in Elmira, New York, when they filed their petition herein. Petitioner Ferdinand A. Rossmann (Ferdinand) is a neurosurgeon. Since 1965 he has maintained a private practice in Elmira, New York. From 1965 to 1968 the books and records of his practice were maintained by a bookkeeping service. Thereafter, primary responsibility for that function was assumed by Ferdinand's wife, Hilde Rossmann (Hilde). During each of the years in issue daily ledger sheets and income and disbursement ledgers were maintained for the medical practice. The daily ledger sheets consisted of a series of looseleaf pages (hereinafter referred to as the daily sheets). The income and disbursement ledgers were maintained in annual record books (hereinafter referred to as the ledger books). All business receipts were recorded on the daily sheets and were deposited either in the business checking account or the Rossmanns' personal checking account. Only the receipts deposited in the business checking account (herein sometimes referred to as the deposits) were recorded *444 in the ledger books. The ledger books were divided by months, and annual summaries were maintained in the back (herein the annual summaries). At the end of each month Hilde added up the deposits recorded in the ledger books for that month and then transferred the total (herein the monthly footing) to a column labeled "receipts from practice" in the annual summary. Seven of the monthly footings in 1974 and six of the monthly footings in 1975 were exactly $1,000 less than the actual sum of the recorded deposits. [2] Apart from these discrepancies in the monthly footings, only a few minor arithmetical errors were otherwise made in the ledger books. From 1968 to 1973 Francis Donahue, a *445 certified public accountant, prepared petitioners' tax returns. In 1974 Donahue transferred his accounting practice, including petitioners' files, to Louis Devillers, also a certified public accountant. Devillers and members of his staff prepared petitioners' 1974 and 1975 tax returns on the basis of the annual summaries contained in the ledger books. Consequently, on petitioners' 1974 and 1975 returns the gross receipts of the medical practice were understated by the amount of the business receipts which were deposited to the Rossmanns' personal checking account and not recorded in the ledger books and by the amount that the monthly footings failed to reflect the sum of the receipts which were recorded in the ledger books, thus resulting in total understatements of $30,064.98 and $29,463.67 in 1974 and 1975, respectively. In his notice of deficiency, respondent determined that these understatements were fraudulent. Petitioners concede they understated their income, but deny the understatements were due to fraud. OPINION The first issue is whether petitioners are liable for additions to tax for fraud. Section 6653(b) provides a 50 percent addition to tax if any part of the *446 underpayment of a tax required to be shown on a return is due to fraud. For purposes of the section, fraud is an intentional wrongdoing with the specific intent to evade a tax believed to be owed. , affd. ; . The existence of fraud is a question of fact to be determined from the entire record. . The burden is on respondent to prove fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). Because direct proof of fraudulent intent is seldom possible, respondent may show the requisite intent from the conduct of the taxpayer and the surrounding circumstances. In the instant case there is clear and convincing evidence of fraud. First, in the ledger books Hilde only recorded the business receipts which were deposited in the business checking account. She did not indicate that the business receipts deposited in the Rossmanns' personal checking account were not recorded *447 in the ledger books. More importantly, when Hilde added up those receipts which were recorded in the ledger books, seven of the monthly footings in 1974 and six of the monthly footings in 1975 were understated by exactly $1,000. See n. 2, supra. These understated figures were also transferred to the annual summaries maintained in the back of the ledger books and labeled "receipts from practice." Petitioners contend that these $1,000 discrepancies in the monthly footings are attributable to nothing more than arithmetical error, but we think that explanation is ludicrous. The same "error" was made in exactly the same manner on 13 different occasions in 1974 and 1975. The only plausible explanation, at least on the basis of the record before us, is that Hilde made these "errors" intentionally and with the expectation that her accountant would rely on them in preparing the returns, which he did. Accordingly, we conclude that at least a part of petitioners' underpayment of taxes for each of the years in issue was due to fraud. The second issue is whether the statute of limitations bars the assessment of the deficiencies for the years in issue. Respondent contends the statute *448 of limitations is open because part of petitioners' underpayment of taxes for each of the years in issue was due to fraud. Sec. 6501(c). Since we have found that at least a part of petitioners' underpayments in each of the years at issue was due to fraud, we find that the statute of limitations does not bar respondent from assessing deficiencies against petitioners for those years. To reflect the foregoing, Decision will be entered for respondent.
[3]
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. For example, the following deposits are recorded in the ledger books for March 1974: $1,841.29 2,255.06 2,259.25 2,120.97 2,657.94 2,403.75 2,321.34 2,838.97 1,479.66 The sum of these entries is $20,178.23, but Hilde recorded a monthly footing of $19,178.23 and then transferred this lower figure to the annual summary contained in the back of the 1974 ledger book. Hilde did essentially the same thing with respect to twelve other monthly footings in 1974 and 1975.↩
3. At trial an evidentiary question was raised as to the admissibility of certain testimony and documentary evidence regarding a polygraph test administered to petitioners. If admissible, we would have to decide what weight to give that evidence. However, we conclude that such evidence is inadmissible and have therefore disregarded it in making our conclusions herein. See ; 22 C. Wright & K. Graham, Federal Practice and Procedure: Evidence, sec. 5169 (1978). We note that even if such evidence had been admissible, in light of the record before us we do not believe our decision would have been affected.↩